**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROBERT W. GLENDINNING #620145** | § | |
| | § | |
| **V.** | § | **A-18-CA-490-RP** |
| | § | |
| **TEXAS BOARD OF PARDONS AND PAROLES** | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's complaint. Plaintiff is proceeding pro se and has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was incarcerated in the Terrell Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff committed his crimes in 1991. Plaintiff contends the parole laws in effect at the time he committed his offense should be used to determine whether he should be released on parole. At that time, Plaintiff asserts he was to be reviewed for parole every year. Plaintiff complains the Parole Board applied new rules which increased the number of years between his parole reviews.

Plaintiff names as the sole defendant the Texas Board of Pardons and Paroles. Plaintiff requests the Court to order the Parole Board to review Plaintiff for parole every year.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. Even if a plaintiff paid the full filing fee for his case, his claims must be screened pursuant to 28 U.S.C. § 1915A. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Eleventh Amendment Immunity

The Texas Board of Pardons and Paroles is immune from suit under the Eleventh Amendment. The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state

employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

Ordinarily, the Court would allow Plaintiff to file an amended complaint to name the appropriate state official in his official capacity as the defendant. However, as explained below, Plaintiff's claim has no merit.

C. Ex Post Facto Clause

The change to Texas parole laws that potentially lengthens the period between parole reconsideration hearings does not violate the Ex Post Facto Clause. The Court in Garner analyzed a change to Georgia's parole rules, lengthening the period between parole reconsideration hearings from three years to eight years. Garner v. Jones, 529 U.S. 244, 250-57 (2000). The Garner Court found no facial invalidity in the Georgia rule amendment. It stressed two factors: (1) the parole board retained discretion as to how frequently to set an inmate's date for reconsideration, and (2) the statute permitted expedited parole reviews to consider a change in circumstances or new information. Id. at 254. The Court concluded that increases in the minimum number of years in which parole decisions must be reconsidered from three to eight do not violate the ex post facto prohibition, where they do not modify the statutory punishment imposed or the standards for determining the criteria for, or initial date of, parole eligibility. Id. at 250-57; see also California Dep't of Corr. v. Morales, 514 U.S. 499, 500 (1995) (noting change in California law regarding frequency of parole hearings created "only the most speculative and attenuated risk of increasing the measure of punishment"). Similar to the parole laws challenged in Garner, the amendments to Section 508.141(g) of the Texas Government Code do not modify the statutory punishment imposed or the standards for determining the criteria for, or initial date of, parole eligibility. The amendments also do not modify or

3

substantially alter Plaintiff's quantum of punishment. In addition, the Board retains discretion as to how frequently to set an inmate's date for reconsideration. As such, the revised parole laws do not violate the Ex Post Facto Clause. Olstad v. Collier, 326 Fed. Appx. 261 (5th Cir. Apr. 27, 2009).

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for want of jurisdiction.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on June 22, 2018.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE